# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SOLOMAN SEALES-SUPALUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00983-HEA |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Plaintiff Soloman Seales-Supalus is a resident of the Normandy Nursing Center in St. Louis, Missouri. Despite not being a prisoner, he filed this action under 42 U.S.C. § 1983 on the Court's Prisoner Civil Rights Complaint form. He has neither paid the filing fee nor filed a motion to proceed in forma pauperis. For the reasons discussed below, the Court will dismiss this action for lack of subject matter jurisdiction.

## The Complaint

Plaintiff brings this action against the Missouri Department of Corrections' Division of Probation and Parole. He asserts that the Division refuses to terminate his parole despite winning the "case of which [he's] on parole for[.]" He attributes the Division's refusal to his status as a Moorish American. He seeks "$7,000,707,700 zillion," termination of his parole, and "all wealth, gold, silver and [commerce]."

## Discussion

Absent a waiver, sovereign immunity shields the State of Missouri and its agencies from suit. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). "Sovereign immunity

is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Here, the sole defendant is the Division of Probation and Parole. The Division, as an agency of the State of Missouri, is entitled to sovereign immunity. *See Morstad*, 147 F.3d at 744; s*ee also Lacy v. Missouri Dep't of Corr. Bd. of Prob. & Parole*, No. 4:21-cv-306-RLW, 2021 WL 1889864, at *3 (E.D. Mo. May 11, 2021) (finding that the Division is entitled to sovereign immunity as state agency). There is no indication in the complaint or elsewhere that the State has waived its immunity for this type of case. Therefore, the Court lacks jurisdiction over this matter.

Additionally, while § 1983 provides for an action against a "person" who violates another's civil rights under color of state law, *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008), "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). And to the extent Plaintiff seeks termination of his parole, § 1983 does not provide for such relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of their confinement).

**Conclusion**

Under Federal Rules 12(h)(3), the Court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Because the sole defendant in this case is entitled to sovereign immunity, the Court lacks jurisdiction over this matter. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). Consequently, the Court will dismiss Plaintiff's complaint under Federal Rule 12(h)(3).

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE